UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN RAY ARRANT<br>CDCR No. K98602,<br><br>          Plaintiff,<br><br>vs.<br><br>M. ZAMBRANO, HAYES,<br>DELLINGER, ASFOUR, S. BEYER,<br><br>          Defendants. | Case No.: 3:20-cv-01220-JLS-AGS<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>(ECF No. 8) |

On June 29, 2020, Melvin Ray Arrant ("Plaintiff") filed a civil action pursuant to 42 U.S.C. § 1983, together with a Motion to Proceed in Forma Pauperis ("IFP") and a Motion for Temporary Restraining Order ("TRO"). ECF Nos. 1–3. On September 9, 2020, the Court granted Plaintiff's IFP, denied his TRO, and dismissed the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). ECF No. 6. Plaintiff was given sixty (60) days to file an amended complaint. *Id.* On September 30, 2020, Plaintiff filed a document entitled "Plaintiff's Objections to Magistrate Judge Finding and Recommendations to Dismiss Plaintiff's Complaint for Failing to State a Claim Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)," which the Court has construed as a Motion for Reconsideration. "Mot. for Recons.," ECF No. 8.

"A Rule 59(e) motion may be granted if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001)).  This type of motion seeks "a substantive change of mind by the court," *Tripati v. Henman*, 845 F.2d 205, 206 n.1 (9th Cir. 1988) (quoting *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 526 (9th Cir. 1983)), and "is an extraordinary remedy which should be used sparingly," *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999).  Rule 59(e) may not be used to "'relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Stevo Design, Inc. v. SBR Mktg. Ltd.*, 919 F. Supp. 2d 1112, 1117 (D. Nev. 2013) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

In his Motion, Plaintiff alleges that the Court "committed reversible error and imposed arbitrary rulings against Plaintiff which are contrary to well established law." Mot. for Recons. at 1.  The arguments and facts he puts forth in support of his Motion, however, are simply a repeat of the arguments and facts he put forth in his Complaint.  For example, in his Motion, Plaintiff again claims that he asked Defendant Zambrano for a bed or cell move and that while he was told to wait until the weekend, he observed other inmates, who he claims are gay, bisexual, or are informants, have their requests for bed moves granted while his request has been ignored.  Compl. at 4; Mot. for Recons. at 3–6. He claims this was a violation of the Equal Protection Clause.  Compl. at 4; Mot. for Recons. at 3–6.  He also repeats his claims that after he filed a 602 complaining about the lack of a cell move, Defendant Zambrano told him "a 602 ain't shit," that "legal [beagles] ain't got nothing coming," that "Plaintiff wasn't the only one who knew how to write," and that Zambrano retaliated against him by "generat[ing] a falsified RVR [rules violation report] against Plaintiff, accusing him of disrespecting staff by calling Zambrano 'Mark.'" Compl. at 4; Mot. for Recons. at 6–8.

1    In addition, Plaintiff repeats his claims against Defendant Dellinger, who he alleges
2 coughed on his hands, rubbed his nose, and then passed out medication to inmates without
3 changing his gloves.  Compl. at 5; Mot. for Recons. at 8–10.  When Plaintiff asked
4 Dellinger to dispense his medication directly from the medication dispenser into a cup,
5 Plaintiff claims Dellinger "became upset," and told Plaintiff "you don't get special
6 treatment."  Compl. at 5; Mot. for Recons. at 8–11.  Plaintiff further claims, as he did in
7 his Complaint, that Defendant Hayes refused to give him Dellinger's and Hayes's names,
8 which Plaintiff needed to file a 602, violating his First Amendment rights by impeding his
9 access to courts.  Compl. at 5; Mot. for Recons. at 8–11.  Plaintiff also repeats his
10 allegations that Dellinger and Hayes threatened to activate the building alarm "in
11 retaliation."  Compl. at 5; Mot. for Recons. at 8–11.
12    Finally, Plaintiff repeats his allegations against Defendants Asfour and Beyer.  In
13 both his Complaint and Motion, Plaintiff alleges that Asfour told Plaintiff that if he filed a
14 602 regarding the removal of a gaming system, "the gaming system [would] 'never' be put
15 back on the list."  Compl. at 6; Mot. for Recons. at 11–12.  This, Plaintiff claims, amounted
16 to retaliation.  Compl. at 6; Mot. for Recons. at 11–12.  In addition, Plaintiff alleges in his
17 Motion, as he did in his Complaint, that Defendant Beyer, who is Asfour's supervisor, told
18 Plaintiff she could not give him the names of the staff members who recommended the
19 removal of the gaming system because they were confidential, violating his "right to
20 grieve."  Compl. at 7; Mot. for Recons. at 11–12.
21    Plaintiff has not presented any newly discovered evidence.  *Ybarra*, 656 F.3d at 998.
22 Nor has he demonstrated that "the district court committed clear error or made an initial
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1  decision that was manifestly unjust, or . . . [that] there [was] an intervening change in
2  controlling law." *Id.* Accordingly, his Motion for Reconsideration is **DENIED**.
3     **IT IS SO ORDERED**.
4  Dated: October 15, 2020

                                                  Hon. Janis L. Sammartino
                                                  United States District Judge