UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN R. ARRANT, CDCR No. K98602,<br><br>    Plaintiff,<br><br>vs.<br><br>M. ZAMBRANO, HAYES, DELLINGER,<br><br>    Defendants. | Case No.: 3:20-cv-1220-JLS-AGS<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) & 28 U.S.C. § 1915A(b)**<br><br>(ECF No. 9) |

Plaintiff Melvin Ray Arrant, currently incarcerated at Richard J. Donovan State Prison located in San Diego, California, and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on June 29, 2020. (*See* "Compl.," ECF No. 1.) Plaintiff also filed a Motion to Proceed in Forma Pauperis ("IFP") (ECF No. 2), and a Motion for Temporary Restraining Order ("TRO") (ECF No. 3).

In a September 9, 2020 Order, the Court granted Plaintiff's IFP motion pursuant to 28 U.S.C. § 1915(a), denied Plaintiff's Motion for TRO, and dismissed the Complaint without prejudice and with leave to amend for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). (ECF No. 6.) Plaintiff was given sixty (60) days from

///

the date the Order was filed to submit an Amended Complaint. (*Id.*) On October 14, 2020, Plaintiff filed a First Amended Complaint (ECF No. 9).

## I.     Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A.     Legal Standard

As with his first Complaint, Plaintiff's Amended Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned,

///

the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### B.    *Plaintiff's Factual Allegations*

Plaintiff repeats the same allegations against Defendant Zambrano in his Amended Complaint as he made in his original Complaint. He states that he has "continuously tried to get a cell move within bld. #14" but that Defendant Zambrano has "[given] him the runaround while honoring other inmates bed moves who are known to be a part of the 'transgender' group, and or inmates who are affiliated with the 'transgender' group." Compl. at 2, 4; Am. Compl. at 3. Plaintiff contends this establishes Zambrano discriminated against him. After Plaintiff filed a grievance against Zambrano, Zambrano allegedly told Plaintiff that "a grievance ain't shit," and that "legal [beagles] ain't got nothing coming." Compl. at 4; Am. Compl. at 3. According to Plaintiff, Zambrano made a false rules violation report against Plaintiff, accusing him of disrespecting staff by calling Zambrano "Mark," which means "punk ass bitch." Compl. at 4; Am. Compl. at 3.

Plaintiff also makes the same allegations against Defendants Dellinger and Hayes in his Amended Complaint as he did in his original Complaint. He claims that on December 28, 2019, he saw Dellinger cough on his hands, rub his nose, and then pass out medication to inmates without changing his gloves. Compl. at 2, 5; Am. Compl. at 4. When it was Plaintiff's turn to receive medication from Dellinger, Plaintiff asked him to dispense his medication directly from the medication dispenser into a cup so that Dellinger would not touch it with his hands, which Dellinger refused to do. Compl. at 5; Am. Compl. at 4. When Plaintiff asked for a correct spelling of Dellinger's name in order to submit a grievance, Dellinger became upset and threatened to activate the building alarm "in retaliation." Compl. at 5; Am. Compl. at 4. According to Plaintiff, Hayes threatened to retaliate against him for filing a grievance. Compl. at 5; Am. Compl at 2, 4.

### C.    *42 U.S.C. § 1983*

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*,

263 F.3d 1070, 1074 (9th Cir. 2001).  Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted).  "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### D. Discussion

As in his original Complaint, Plaintiff alleges that Zambrano "discriminated against [him] and falsified state documents in retaliation to Plaintiff filing a grievance."  Am. Compl. at 2.  He also alleges that Defendants Hayes and Dellinger "put Plaintiff's health and safety in jeopardy and threatened Plaintiff with retaliation because he was going to grieve defendants' conduct." *Id.*

Plaintiff fails to state a claim against any defendant for the same reasons stated in this Court's September 9, 2020 dismissal Order.  To state a valid First Amendment retaliation claim, Plaintiff must assert: (1) a state actor took some adverse action against him, (2) the adverse action was taken because he engaged in some protected conduct, (3) the state actor's acts "would chill or silence a person of ordinary firmness from future First Amendment activities," and (4) the adverse action "did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (internal quotation marks and emphasis omitted).  Plaintiff's factual allegations fall short of plausibly stating a retaliation claim against Zambrano because he has not alleged any facts establishing the action "would chill or silence a person of ordinary firmness from future First Amendment Activities," *Rhodes*, 408 F.3d at 567–68, or that he suffered some other non-minimal harm as a result of the retaliatory action. *See Brodheim*, 584 F.3d at 1269.  In fact, Plaintiff's Exhibit A-2, which is a copy of Plaintiff's disciplinary hearing results, shows Plaintiff was found "guilty but reduced to counseling chrono."  Am. Compl. at 18.
///

Plaintiff also fails to state a discrimination claim against Zambrano. As the Court informed Plaintiff in its September 9, 2020 dismissal Order, to establish an equal protection violation, Plaintiff must demonstrate "that the [challenged action], either on its face or in the manner of its enforcement, results in members of a certain group being treated differently from other persons based on membership in that group." *McLean v. Crabtree*, 173 F.3d 1176, 1185 (9th Cir. 1999). "Second, if it is demonstrated that a cognizable class is treated differently, the court must analyze under the appropriate level of scrutiny whether the distinction made between the two groups is justified." *Id*. (citation and quotations omitted). If the aggrieved party is a member of a protected or suspect class, or otherwise suffers the unequal burdening of a fundamental right, the court applies strict scrutiny. *City of Cleburne, Tex. v. Cleburne Living Cntr.*, 473 U.S. 432, 439-40 (1985). As a prisoner, Plaintiff is not a member of a protected class under the Equal Protection Clause. *Abney v. Alameida*, 334 F. Supp. 1221, 1230 (S.D. Cal. 2004) (citing *Rodriguez v. Cook*, 169 F.3d 1176, 1179 (9th Cir. 1999)). "Government actions that do not . . . involve suspect classifications will be upheld if [they] are rationally related to a legitimate state interest." *Fields v. Palmdale Sch. Dist.*, 427 F.3d 1197, 1208 (9th Cir. 2005). Plaintiff has not plausibly stated an Equal Protection claim because his allegations that transgender inmates are being given preferential treatment in bed change requests rests on speculation as to the status of fellow inmates and the reasons for the bed/cell changes he observed. Moreover, Plaintiff's Exhibit A shows that Zambrano told Plaintiff to fill out the appropriate paperwork to request a bed change and he did not do so. Am. Compl. at 10.

Plaintiff also does not plausibly allege a retaliation claim against Defendants Dellinger or Hayes because Plaintiff does not claim that either Defendant took some adverse action against him, only that they threatened to do so. As the Court advised Plaintiff in its September 9, 2020 Order, "[A] threat to retaliate does not violate Section 1983 if the person making the threat never follows through." *Hardy v. 3 Unknown Agents*, 690 F. Supp. 2d 1074, 1103 (C.D. Cal. 2010) (citing *Gaut v. Sunn*, 810 F.3d 923, 925 (9th Cir. 1987)) (finding that prisoner's allegation that he was threatened with bodily harm if

5

3:20-cv-01220-JLS-AGS

he pursued legal redress for beatings did not state a § 1983 claim).  In addition, as in his original Complaint, Plaintiff has not made a sufficient showing that the threat to activate the alarm was made *because* he engaged in some protected conduct and not to advance a legitimate correctional goal, such as protecting medical staff from harassment.  Plaintiff has also failed to plausibly allege that "the defendant's actions were arbitrary and capricious, or that they were unnecessary to the maintenance of order in the institution." *Watison v. Carter*, 668 F.3d 1108, 1115 (9th Cir. 2012) (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1230 (9th Cir. 1984) (internal quotation marks omitted)).  Moreover, Plaintiff has not made a sufficient factual showing that the action "would chill or silence a person of ordinary firmness from future First Amendment Activities," or that he suffered some other non-minimal harm as a result of action.  *See Brodheim*, 584 F.3d at 1269; *Rhodes*, 408 F.3d at 567–68.

Further, as the Court told Plaintiff in its September 9, 2020 Order, only "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment."  *Estelle v. Gamble*, 429 U.S. 97, 103, 104 (1976) (citation and internal quotation marks omitted).  "A determination of 'deliberate indifference' involves an examination of two elements: (1) the seriousness of the prisoner's medical need and (2) the nature of the defendant's response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc) (quoting *Estelle*, 429 U.S. at 104).  "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1248 (9th Cir. 2016).  Plaintiff has failed to state an Eighth Amendment claim with regard to Hayes and Dellinger because he has not alleged he suffers from a serious medical need nor that he suffered any injury as a result of Hayes and Dellinger's actions.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii), § 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

**IV.     Conclusion and Order**

For the reasons explained above, the Court, **DISMISSES** Plaintiff's Amended Complaint (ECF No. 9) for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). Because amendment would be futile, the dismissal is without leave to amend.

**IT IS SO ORDERED**.

Dated:  December 11, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge