UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN RAY ARRANT<br>CDCR No. K98602,<br><br>                              Plaintiff,<br><br>         vs.<br><br>M. ZAMBRANO, et al.,<br><br>                              Defendants. | Case No.: 3:20-cv-01220-JLS-AGS<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>(ECF No. 14) |

Presently before the Court is Plaintiff Melvin Ray Arrant's Second Motion for Reconsideration, in which he asks the Court to reconsider its December 11, 2020 Order dismissing his case. ("2d Mot. Recon.," ECF No. 14.) On June 29, 2020, Plaintiff filed this civil action pursuant to 42 U.S.C. § 1983 ("Compl."), together with a Motion to Proceed in Forma Pauperis ("IFP"), and a Motion for Temporary Restraining Order ("TRO"). (ECF Nos. 1–3.) On September 9, 2020, the Court granted Plaintiff's IFP, denied his TRO, and dismissed the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). (ECF No. 6.) The Court granted Plaintiff sixty (60) days to file an amended complaint. (*Id.*)

///

On September 30, 2020, Plaintiff filed a document entitled "Plaintiff's Objections to Magistrate Judge Finding and Recommendations to Dismiss Plaintiff's Complaint for Failing to State a Claim Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)," which the Court construed as a Motion for Reconsideration. ("Mot. for Recons.," ECF No. 8.) The Court denied the Motion on October 15, 2020. (ECF No. 10.)

Plaintiff then filed an Amended Complaint on October 15, 2020. ("Am. Compl.," ECF No. 10.) The Court dismissed the Amended Complaint pursuant to 28 U.S.C. §§1915(e)(2) and 1915A(b) on December 11, 2020 without further leave to amend because the Court found any amendment would be futile. (ECF No. 11.) Plaintiff filed the Second Motion for Reconsideration on January 7, 2021. (ECF No. 14.)

"A Rule 59(e) motion may be granted if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001)). This type of motion seeks "a substantive change of mind by the court," *Tripati v. Henman*, 845 F.2d 205, 206 n.1 (9th Cir. 1988) (quoting *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 526 (9th Cir. 1983)), and "is an extraordinary remedy which should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999). Rule 59(e) may not be used to "'relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Stevo Design, Inc. v. SBR Mktg. Ltd.*, 919 F. Supp. 2d 1112, 1117 (D. Nev. 2013) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

In the present Motion, Plaintiff argues the Court wrongly dismissed his case and repeats the allegations he made in his Original Complaint, his Amended Complaint, and his first Motion for Reconsideration. For example, Plaintiff again claims that he asked Defendant Zambrano for a bed or cell move, and that while he was told to wait until the weekend, he observed other inmates, who he claims are gay, bisexual, or are informants,

have their requests for bed moves granted while Defendant ignored his request.  Compl. at 4; Mot. for Recons. at 3–6; Am. Compl. at 3; 2d Mot. for Recons. at 3–4.  Plaintiff claims this was a violation of the Equal Protection Clause.  Compl. at 4; Mot. for Recons. at 3–6; Am. Compl. at 3–4; 2d Mot. for Recons. at 3–4.  Plaintiff also repeats his claims that after he filed a 602 complaining about the lack of a cell move, Defendant Zambrano told him "a 602 ain't shit," that "legal [beagles] ain't got nothing coming," that "Plaintiff wasn't the only one who knew how to write," and then Plaintiff claims Zambrano retaliated against him by generating a falsified rules violation report ("RVR") against Plaintiff and accused him of disrespecting staff by calling Zambrano "Mark."  Compl. at 4; Mot. for Recons. at 6–8; Am. Compl. at 3; 2d Mot. for Recons. at 4–6, 7–8.

In addition, Plaintiff repeats his claims against Defendant Dellinger, who he alleges coughed on his hands, rubbed his nose, and then passed out medication to inmates without changing his gloves.  Compl. at 5; Mot. for Recons. at 8–10; Am. Compl. at 4; 2d Mot. for Recons. at 6–7.  When Plaintiff asked Dellinger to dispense his medication directly from the medication dispenser into a cup, Plaintiff claims Dellinger "became upset" and told Plaintiff "you don't get special treatment."  Compl. at 5; Mot. for Recons. at 8–11; Am. Compl. at 4; 2d Mot. for Recons. at 6–7.  He further claims that Defendant Hayes refused to give him Dellinger and Hayes's names, which he needed to file a 602, violating his First Amendment rights by impeding his access to the courts.  Compl. at 5; Mot. for Recons. at 8–11; Am. Compl. at 4; 2d Mot. for Recons. at 6–7. He also repeats his allegations that Dellinger and Hayes threatened to activate the building alarm "in retaliation."  Compl. at 5, Mot. for Recons. at 8–11; Am. Compl at 2, 4; 2d Mot. for Recons. at 6–7, 9–11.

In order to justify reconsideration, Local Civil Rule 7.1(i) requires Plaintiff to show that "new or different facts and circumstances . . . exist which did not exist, or were not shown," at the time the Court denied his last Motion to Reconsider and Motion for a TRO on October 26, 2020.  *See* S.D. Cal. CivLR 7.1(i).  "Evidence is only newly discover[ed] if it was in fact previously unavailable—i.e. the party asserting the evidence, acting with reasonable diligence, could not have previously discovered the evidence."  *Vasquez v. City*

*of Idaho Falls*, 2018 WL 1123865, at *3 (D. Idaho 2018) (citing *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001)). Plaintiff has not presented any newly discovered evidence. *Ybarra*, 656 F.3d at 998. Nor has he demonstrated that "the district court committed clear error or made an initial decision that was manifestly unjust, or . . . [that] there [was] an intervening change in controlling law." *Id*. Accordingly, his Motion for Reconsideration (ECF No. 14) is **DENIED**.

**IT IS SO ORDERED**.

Dated: March 1, 2021

Hon. Janis L. Sammartino
United States District Judge