UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN RAY ARRANT<br>CDCR No. K98602,<br><br>                         Plaintiff,<br><br>    vs.<br><br>M. ZAMBRANO, et al.,<br><br>                       Defendants. | Case No.: 3:20-cv-01220-JLS-AGS<br><br>**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT UNDER FED. R. CIV. PRO. 59(E)**<br><br>(ECF No. 17) |

On June 29, 2020, Plaintiff Melvin Ray Arrant filed a civil action pursuant to 42 U.S.C. § 1983, together with a motion to proceed in forma pauperis ("IFP") and a motion for temporary restraining order ("TRO"). ECF Nos. 1–3. On September 9, 2020, the Court granted Plaintiff's IFP, denied his TRO, and dismissed the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). ECF No. 6. The Court granted Plaintiff sixty (60) days to file an amended complaint. *Id.*

On September 30, 2020, Plaintiff filed a document entitled "Plaintiff's Objections to Magistrate Judge Finding and Recommendations to Dismiss Plaintiff's Complaint for Failing to State a Claim Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)," which the

///

1  Court construed as a motion for reconsideration. ECF No. 8. The Court denied the motion
2  on October 15, 2020. ECF No. 10.
3      Plaintiff then filed an Amended Complaint on October 15, 2020. ECF No. 10. The
4  Court dismissed the Amended Complaint pursuant to 28 U.S.C. §§1915(e)(2) and
5  1915A(b) on December 11, 2020 without further leave to amend because the Court found
6  any amendment would be futile. ECF No. 11.
7      On January 6, 2021, Plaintiff filed a motion for reconsideration asking the Court to
8  reconsider its December 11, 2020 Order dismissing his case. ECF No. 14. The Court
9  denied the motion on March 1, 2021. ECF No. 15. Plaintiff has now filed a Motion to
10 Alter or Amend the Judgment Under Federal Rules of Civil Procedure Rule 59(e). ECF
11 No. 17.
12     "A Rule 59(e) motion may be granted if '(1) the district court is presented with
13 newly discovered evidence, (2) the district court committed clear error or made an initial
14 decision that was manifestly unjust, or (3) there is an intervening change in controlling
15 law.'" *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (quoting *Zimmerman v. City
16 of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001)). This type of motion seeks "a substantive
17 change of mind by the court," *Tripati v. Henman*, 845 F.2d 205, 206 n.1 (9th Cir. 1988)
18 (quoting *Miller v. Transamerican Press, Inc*., 709 F.2d 524, 526 (9th Cir. 1983)), and "is
19 an extraordinary remedy which should be used sparingly," *McDowell v. Calderon*, 197
20 F.3d 1253, 1254 n.1 (9th Cir. 1999). Rule 59(e) may not be used to "relitigate old matters,
21 or to raise arguments or present evidence that could have been raised prior to the entry of
22 judgment." *Stevo Design, Inc. v. SBR Mktg. Ltd*., 919 F. Supp. 2d 1112, 1117 (D. Nev.
23 2013) (quoting 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d
24 ed. 1995)).
25     Like his previous filings, Plaintiff argues the Court wrongly dismissed his case and
26 repeats the allegations he made in his Original Complaint, his Amended Complaint, and
27 his motions for reconsideration. In order to justify reconsideration, Local Civil Rule 7.1(i)
28 requires Plaintiff to show that "new or different facts and circumstances . . . exist which

1  did not exist, or were not shown," at the time the Court denied his last motion to reconsider
2  on March 1, 2021.  *See* S.D. Cal. CivLR 7.1(i).  "Evidence is only newly discover[ed] if it
3  was in fact previously unavailable—i.e. the party asserting the evidence, acting with
4  reasonable diligence, could not have previously discovered the evidence." *Vasquez v. City
5  of Idaho Falls*, 2018 WL 1123865, at *3 (D. Idaho 2018) (citing *Zimmerman*, 255 F.3d at
6  740).  Plaintiff has not presented any newly discovered evidence.  *Ybarra*, 656 F.3d at 998.
7  Nor has he demonstrated that "the district court committed clear error or made an initial
8  decision that was manifestly unjust, or . . . [that] there [was] an intervening change in
9  controlling law."  *Id*.  Accordingly, his Motion for Reconsideration (ECF No. 17) is
10 **DENIED**.

   **IT IS SO ORDERED**.

Dated: April 14, 2021

*[signature]*
Hon. Janis L. Sammartino
United States District Judge